# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| Mark Herbert Barnette, ) | |
| ) | Civil Action No.: 1:18-cv-00460-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on April 12, 2019. (ECF No. 26.) The Report addresses Plaintiff Mark Herbert Barnette's ("Plaintiff") claim for disability insurance benefits ("DIB") and recommends that the court affirm the decision of Defendant Commissioner of Social Security Administration ("the Commissioner"). (*Id.* at 1.) For the reasons set forth herein, the court **ACCEPTS** the Magistrate Judge's Report (ECF No. 26), incorporating it herein, and **AFFIRMS** the decision of the Commissioner.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (ECF No. 26.) As brief background, on September 8, 2014, Plaintiff filed an application for DIB that was denied initially and upon reconsideration. (*Id.* at 2.) After a hearing was held on January 25, 2017, an administrative law judge ("ALJ") determined, on May 10, 2017, that Plaintiff had the residual functional capacity ("RFC") to perform:

> light work, as defined in 20 [C.F.R.] [§] 404.1567(b), except he would need to alternate from sitting to standing at the workstation once every 30 minutes for 2 minutes provided he remains on task; can push or pull as much as can lift or carry; should never climb ladders, ropes[,] or scaffolds; may occasionally climb ramps or

stairs; [and can] frequently balance on flat, dry[,] and level surfaces, but never on wet or uneven surfaces . . . .

(ECF No. 12-2 at 20, 34.) As it further relates to Plaintiff's RFC, the ALJ found that Plaintiff could "frequently stoop and crouch; occasionally kneel or crawl; never engage in repeated flexion, extension or rotation of neck; occasionally reach overhead utilizing both hands to meet lifting requirements . . . ; and never be exposed to unprotected heights." (*Id.* at 20.) In formulating Plaintiff's RFC, the ALJ decided that Plaintiff's statements "concerning the intensity, persistence[,] and limiting effects of [certain] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in [the] decision." (*Id.* at 22.) After determining that Plaintiff "is capable of performing past relevant work as an electrical power systems controller," a position not "require[ing] the performance of work-related activities precluded by [Plaintiff's RFC]," the ALJ denied DIB to Plaintiff because he was not disabled for purposes of the Social Security Act ("the Act"). (*Id.* at 24–25.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on December 14, 2017. (*Id.* at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review of an ALJ's decision). Plaintiff filed the instant action on February 16, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge reasoned that, based upon the record, the ALJ's decision rested upon substantial evidence. (*See* ECF No. 26 at 51.) Specifically, the Report noted that the ALJ's RFC assessment accounted for Plaintiff's "testimony during the hearing that he would miss work and had issues with concentration, such as forgetting to do reports." (*Id.* at 39.)

Notably, as it also relates to the ALJ's RFC determination, the Report explains that "Plaintiff cannot select excerpts from a record to undermine the ALJ's decision . . . ." (*Id.* at 40.) Further, the Report explained that the ALJ's failure to assign weight to a medical opinion from Dr. Aymond was harmless. (*Id.* at 47–50.) For those reasons, the Report ultimately recommended that the court affirm the decision of the Commissioner. (*Id.* at 51.)

The parties were apprised of their opportunity to file specific objections to the Report on April 12, 2019. (*Id.* at 52.) On April 26, 2019, Plaintiff timely filed Objections to the Report and argued the following: (1) the ALJ erred in formulating her RFC; and (2) the ALJ failed to "properly explain how she determined the treating physician's opinion . . . ." (ECF No. 27 at 1, 5.) In essence, Plaintiff contends that the ALJ failed to provide a "proper explanation" regarding her conclusions. (*Id.* at 6.) On May 9, 2019, the Commissioner replied to Plaintiff's Objections. (ECF No. 28.) The Commissioner requests the court to adopt the Magistrate Judge's Report because Plaintiff's arguments "raise the same issues brought and argued in her initial brief" and the "[the Report] considered and addressed all of Plaintiff's arguments raised [within the] Objections." (*Id.* at 1.)

## II. LEGAL STANDARD

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1). *See also* FED. R. CIV. P. 72(b)(3). In the absence of specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the

3

Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting FED. R. CIV. P. 72 advisory committee's note). Thus, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

### III. DISCUSSION

Plaintiff makes two objections to the Magistrate Judge's Report. (ECF No. 27 at 1, 5.) First, Plaintiff argues that the ALJ "failed to properly consider the impact of pain on attention and

concentration in evaluating the RFC." (*Id.* at 1.) Specifically, Plaintiff maintains that the ALJ "fail[ed] to explain how the surgical treatment, which is beyond conservative measures, does not support [his] reports of significant pain." Second, Plaintiff submits that the ALJ "fail[ed] to properly explain how she determined the treating physician's opinion that Barnette would miss [three] to [four] days of work a month merited little weight." (*Id.* at 5.) For example, he argues that the ALJ "lack[ed] a proper consideration of the combined effect of all his impairments." (*Id.*) Notably, both of these arguments were before the Magistrate Judge when Plaintiff submitted her Brief. (*Compare* ECF No. 27, *with* ECF No. 21.)

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015). Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court. *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007). "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) ("An 'objection' that . . . simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." (citation and quotations marks omitted)). *See also Derrick v. Berryhill*, No. 9:17-0323-TMC, 2018 WL 3434306, at *2 (D.S.C. July 17, 2018) ("[O]bjections to the magistrate judge's [r]eport are not a subsequent opportunity to reargue the merits of a case—they are an opportunity to demonstrate . . . particular errors in the magistrate judge's reasoning." (citations omitted)); *Butler*

*v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a *de novo* review of objections presented in the form of '[complete statements] of arguments already made, . . . as these objections never cite specific conclusions of the [report] that are erroneous.'" (quoting *Smith v. City of N. Charleston*, 401 F. Supp. 2d 530, 533 (D.S.C. 2005))); *Jones v. Hamidullah*, No. 2:05–2736–PMD–RSC, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005).

In the instant case, the court has reviewed Plaintiff's Brief (ECF No. 21), Plaintiff's Objections (ECF No. 27), and the Report (ECF No. 26). After examining all of the relevant pleadings, the court concludes that Plaintiff's Objections restate arguments that were adequately addressed by the Report. (*Compare* ECF No. 27 at 1–6, *with* ECF No. 26 at 30–41, 43–51.) Moreover, Plaintiff's Objections are identical to his Brief, which was considered by the Report. (*Compare* ECF No. 27, *with* ECF No. 21.) As such, a *de novo* review is unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution . . . ." *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). This court declines to hear rehashed arguments from Plaintiff. *Orpiano*, 687 F.2d at 47. The court finds that the Report effectively addresses Plaintiff's Objections and is well-reasoned. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a magistrate's report in which the court concurred "with both the reasoning and the result"). As such, the court finds that the ALJ's decision was supported by substantial evidence. Therefore, the Report is adopted herein. *See Walls*, 296 F.3d at 290.

## IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 26) and incorporates it herein.

Therefore, the court **AFFIRMS** the decision of the Commissioner of Social Security Administration.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

May 22, 2019
Columbia, South Carolina